IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMILA GALE NETHERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-cv-00537 ) |
| QUALITY CARE INVESTORS, L.P. d/b/a QUALITY CENTER FOR REHABILITATION AND HEALING f/k/a QUALITY CARE NURSING HOME, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN ) ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are Plaintiff Nethery's Objections to Order (D.E. 81) Pursuant to Rule 72(a) Fed. R. Civ. P. (Doc. No. 84), and Defendant's Response (Doc. No. 87). Plaintiff's objections relate to an Order of the Magistrate Judge (Doc. No. 81), which denied her motion for leave to amend the complaint to add a claim under the Tennessee Human Rights Act for aiding and abetting retaliation (Doc. No. 39). The Magistrate Judge denied leave to amend because Plaintiff failed to provide good cause for filing her request over six months after the deadline set out in the scheduling order or to explain why she had not sought to extend the deadline. The Magistrate Judge also explained that allowing the Plaintiff to add the aiding and abetting retaliation claim at this point in the litigation would prejudice Defendant because, in conducting prior discovery on Plaintiff's Title VII claim, Defendant was not aware it should develop defenses unique to the aiding and abetting claim.

In order to modify or reverse a Magistrate Judge's ruling on a nondispositive pretrial matter, the Court must determine the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

Plaintiff contends the Magistrate Judge's conclusion that the amendment would result in prejudice to Defendant is "totally unsupported." (Doc. No. 84, at 1). In fact, the Magistrate Judge explained that Defendant had no reason to develop defenses unique to an aiding and abetting claim in its discovery because aiding and abetting is not actionable under Title VII. Therefore, allowing the amendment will either result in Defendant proceeding to trial without having engaged in discovery on Plaintiff's aiding and abetting claim, or in the delay required by conducting discovery on the new claim. The resulting prejudice is obvious.

Plaintiff also objects to the Magistrate Judge's conclusion she had not shown good cause for her delay in seeking the amendment. Plaintiff supports this argument with complaints about Defendant's responses to her discovery requests. As the Magistrate Judge explained, however, Plaintiff's new claim "was in plain sight and could have, with due diligence, been raised before the amendment deadline." (Doc. No. 81, at 6). At the very least, as the Magistrate Judge pointed out, Plaintiff could have sought an extension to the amendment deadline set in the scheduling order. She did neither.

Therefore, the Court finds the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Accordingly, the Order (Doc. No. 81) is **AFFIRMED**, and the Plaintiff Nethery's Objections (Doc. No. 84) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

2

Case 3:17-cv-00537   Document 88   Filed 08/06/18   Page 2 of 2 PageID #: 2188